UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

COREY WILLIAMS,                    :
          Petitioner,              :
                                   :        PRISONER
     v.                            :        CASE NO. 3:16-cv-190(AWT)
                                   :
WARDEN TARASCIO,                   :
          Respondent.              :

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Corey Williams, currently resides in Norwalk, Connecticut.  He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 state court convictions for possession of narcotics with intent to sell and interfering with a police officer.  *See* Pet. Writ Habeas Corpus, Doc. No. 1.  For the reasons set forth below, the petition is being dismissed.

A jury in Connecticut Superior Court for the Judicial District of Stamford at Norwalk convicted the petitioner of one count of possession of narcotics with intent to sell in violation of Conn. Gen. Stat. § 21a-277(a) and one count of interfering with an officer in violation of Conn. Gen. Stat. § 53a-167a.  On February 22, 2006, a judge imposed a total effective sentence of ten years of imprisonment followed by six years of special parole.  *See* Pet. Writ Habeas Corpus at 1; *State v. Williams*, 110

Conn. App. 778, 783 (2008).  The petitioner appealed his
convictions and sentence.  On October 14, 2008, the Connecticut
Appellate Court affirmed the convictions.  *See id.* at 798.  On
December 11, 2008, the Connecticut Supreme Court denied the
petition for writ of certification to appeal the decision of the
Connecticut Supreme Court.  *See State v. Williams*, 289 Conn. 957
(2008).

In August 2006, the petitioner filed a petition for writ of
habeas corpus in Connecticut Superior Court for the Judicial
District of Tolland at Rockville challenging his 2006
convictions.  *See* Pet. Writ Habeas Corpus at 3; *Williams v.
Warden*, No. TSR-CV06-4001270-S (Conn. Super. Ct. Aug. 23, 2006).[2]
On December 3, 2010, after a hearing, a superior court judge
denied the petition.  *See Williams v. Warden,* No. CV064001270S,
2010 WL 5692092, at *2 (Conn. Super. Ct. Dec. 3, 2010).

The petitioner appealed the denial of the state habeas
petition.  On February 12, 2013, the Connecticut Appellate Court
dismissed the appeal of the decision denying the petitioner's

---

[2] Information regarding this case may be found at:
http://www.jud.ct.gov/jud2.htm under Civil/Family/Housing Case
Look-up and Docket Number Search using TSR-CV06-4001270-S.  (Last
visited on May 9, 2016).

state habeas petition.  *See Williams v. Comm'r of Correction*, 140 Conn. App. 903 (2013).  On March 27, 2013, the Connecticut Supreme Court denied certification to appeal the decision of the appellate court.  *See Williams v. Comm'r of Correction*, 308 Conn. 922 (2013).

The petitioner filed the present petition on February 5, 2016.  He raises two grounds in support of the petition.  He argues (1) that his conviction was not in accordance with law because he was not in exclusive possession of the vehicle and there were no narcotics in his possession and (2) that the State of Connecticut did not prove his guilt beyond a reasonable doubt.

The petitioner states in his petition that he filed a prior petition for writ of habeas corpus in this court.  *See Williams v. Tarascio*, Case No. 14cv66(RNC).  He raised four grounds in support of that petition.  *See id.* (Pet. Writ of Habeas Corpus, Doc. No. 2.)  The first and the third grounds raised in that petition are the same as the two grounds raised in the present petition.  *See id.* at 9, 13.  On December 8, 2014, the court dismissed the prior petition without prejudice to reopening on the ground that it contained exhausted and unexhausted grounds for relief.  *See id.* (Ruling and Order, Doc. No. 17.)[1]

---

[1] Specifically, the court determined that the first ground,

3

The court informed the petitioner that he had several options with regard to how he might proceed as to the unexhausted claims. *See id.* at 3-4.[2]  On January 12, 2016, the petitioner filed a motion to reopen the judgment in the prior petition.  *See id.* (Motion to Reopen, Doc. No. 19.)  The motion remains pending.

---

which challenged the sufficiency of the evidence that the petitioner possessed narcotics, and the third ground, which challenged whether the State of Connecticut had proven his guilt on the narcotics charge beyond a reasonable doubt, were exhausted because those claims had been raised on direct appeal of the petitioner's conviction.  *See id.* at 2.  In addition, the court concluded that the second ground had been exhausted to the extent that the alleged "misconduct and misrepresentation" by trial counsel was based on counsel's failure to offer evidence of the petitioner's nickname and failure to file a motion to suppress evidence, because those claims of ineffective assistance of counsel had been raised in a state habeas petition.  *See id.* at 2-3.  The second ground was unexhausted to the extent that it included a claim that counsel was ineffective on another basis. *See id.* at 3.  The court concluded that the fourth ground had not been exhausted either on direct appeal or in any state habeas petition.  *See id.*

[2] These options were provided to the plaintiff in view of the one-year statute of limitations period for filing federal habeas petitions set forth in 28 U.S.C. § 2244(d).  *See id.* at 3.  The court instructed the petitioner that if he chose to proceed only as to the exhausted grounds for relief, he must file a motion to reopen together with a notice stating that he was withdrawing the unexhausted claims and that the motion to reopen and notice must be filed on or before January 12, 2015.  *See id.* at 3-4.  The court further informed the petitioner that if chose to pursue his unexhausted claims, he must present those claims in a state habeas petition and must file such petition on or before January 12, 2015.  *See id.* at 4.  If he chose that option, he could then file a motion to reopen this action within thirty days after he had fully exhausted his remedies in state court as to the unexhausted claims.  *See id.*

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1). The present petition is barred by the one-year statute of limitations.

The limitations period commences when the conviction becomes final and is tolled while a properly filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. §2244(d); *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012).

At the time of the conclusion of the direct appeal process with respect to the petitioner's convictions on December 11, 2008, the petitioner had already filed a state habeas petition. *See Williams v. Warden*, No. TSR-CV06-4001270-S (Conn. Super. Ct. Aug. 23, 2006). Thus, the limitations period did not begin to run at that time and remained tolled during the pendency of petitioner's state habeas petition. The state habeas petition became final on March 27, 2013, when the Connecticut Supreme Court denied certification to appeal the decision of the appellate court. *See Lawrence v. Florida*, 549 U.S. 327, 329, 334 (2007) (habeas petition is not "pending" for purposes of 28 U.S.C. § 2244(d)(2) when state courts have entered a final judgment but a petition for certiorari has been filed in U.S.

5

Supreme Court); *Smaldone v. Senkowski*, 273 F.3d 133, 137-38 (2d Cir. 2001) ("ninety-day period during which a petitioner could have but did not file a certiorari petition to the United States Supreme Court from the denial of a state post-conviction petition" is excluded from tolling under 28 U.S.C. 2244(d)(2)), *cert. denied*, 535 U.S. 1017 (2002).  The limitations period began to run on March 28, 2013.

Although the petitioner filed a prior federal habeas petition within the one-year limitations period, the filing of a federal habeas petition does not toll the running of the one-year limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Thus, the limitations period expired on March 27, 2014. The present petition was filed on February 5, 2016, so it is barred by the statute of limitations.

The doctrine of equitable tolling applies in section 2254 cases.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances, and the petitioner is required to show that he has been pursuing his rights diligently but extraordinary circumstances prevented him from timely filing his petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The threshold for a petitioner to establish equitable tolling is

6

very high.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.),
*cert. denied*, 531 U.S. 840 (2000).

The petitioner sets forth no facts that could establish that
tolling of the statute of limitations is warranted.  Accordingly,
the petition is being dismissed as barred by the statute of
limitations.

### Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is
hereby **DISMISSED** as barred by the statute of limitations.  The
court concludes that jurists of reason would not find it
debatable that the petition is barred by the statute of
limitations.  Thus, a certificate of appealability will not
issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding
that, when the district court denies a habeas petition on
procedural grounds, a certificate of appealability should issue
if jurists of reason would find debatable the correctness of the
district court's ruling).

The Clerk is directed to enter judgment and close this case.
It is so ordered.

Signed this 8th day of June, 2016 at Hartford, Connecticut.

                    /s/AWT
            _____
                    Alvin W. Thompson
                United States District Judge

7